IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER JON RUSTON, #26834-177, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0551-D |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | Referred to Magistrate Judge |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2254, by a federal inmate.

Parties: Petitioner is presently confined at the Federal Medical Center (FMC) Devens in Ayer, Massachusetts, where he was committed pursuant to 18 U.S.C. § 4243(e) after being acquitted by reason of insanity for the crime of threatening a federal official. *See* No. 3:04cr191-G (N.D. Tex.). The petition names as Respondent the Director of TDCJ-CID.[1]

The Court has not issued process in this case, pending preliminary screening. On April

---

[1] Since Petitioner is presently in federal custody, the TDCJ-CID Director does not appear to be the proper Respondent.

13, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on April 26, 2007.

Statement of the Case: Petitioner seeks to challenge a 1998 DWI conviction from Dallas County, for which he was sentenced to seventy-five days confinement. *See* No. M98-16808-E. He alleges he was denied the effective assistance of counsel, a speedy trial, and counsel failed to challenge the admissibility of evidence.

Findings and Conclusions: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his 1998 DWI conviction in No. M98-16808. He concedes as much in answer to the Magistrate Judge's questionnaire. (*See* Answer to Questions 1-2). The fact that the state court "refused to docket [an] appeal," stemming from the denial of his writ of error coram nobis, does not alter the fact that he is no longer in custody on his 1998 conviction. (Answer to Question 3). Nor does the fact that Respondent allegedly relied on his DWI conviction, "to cover up stalking, aggravated kidnapping, attempted murder and perjury," satisfies the "in custody" requirement with respect to his 1998 DWI conviction. Accordingly, the District Court should dismiss the current petition

for want of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the in custody requirement.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 28th day of June, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.